Argued January 24, affirmed February 20, 1952

# FITZGERALD *v.* JUHLIN
240 P. 2d 1191

*L. G. Sandblast,* of Portland, argued the cause for appellant. With him on the brief was Arthur C. Raven, of Portland.

*Mood W. Eckley,* of Portland, argued the cause for respondent. With him on the brief was James H. Ganoe, of Portland.

Before BRAND, Chief Justice, and ROSSMAN, LUSK, LATOURETTE and WARNER, Justices.

LATOURETTE, J.

This is an appeal by defendant from a stipulated decree. Plaintiff sued defendant on his first cause of action for money had and received by defendant for the benefit of plaintiff in the sum of $10,000. The second cause of action is based on the assignment by plaintiff to defendant of a certain contract for the sale of land on the promise of marriage. Plaintiff prayed for an accounting and for a decree declaring him to be the owner of the real property in question. At the trial defendant was called as an adverse witness. After the proceedings had ensued for a period of time, the transcript of evidence shows that the following occurred:

"MR. JOYCE: If the Court please, I think under the circumstances we can stipulate to a settlement. Mrs. Juhlin has gone to a certain amount of trouble paying it off, obtaining title insurance, and getting the title to the property generally straightened out, and the plaintiff has stipulated that if we will settle the case on that basis, they will pay $50.00 to the defendant for the purpose of clearing up incidentals to the title.

"THE COURT: That is agreeable?

"MR. ECKLEY: That is agreeable.

"THE COURT: Very well, then. It has been stipulated and agreed in open Court that the defendant and her present husband shall execute the necessary instruments to convey the title to this real property to the plaintiff upon the plaintiff paying them the sum of $50.00. In the event of a

failure to execute the deed promptly, then a decree may be entered in this case in favor of the plaintiff and against the defendant for the return of such property.

"MR. ECKLEY: I am wondering about the situation as to the record.

"THE COURT: I understand she will turn the title insurance over to you for the $50.00.

"MR. ECKLEY: That is right, but what I had reference to was an appeal made under a decree handled as you said.

"THE COURT: Well, you have stipulated in open Court. You can always stipulate for a judgment.

"MR. JOYCE: Can the decree provide, your Honor, against the plaintiff and in favor of the defendant on the accounting?

"THE COURT: Well, the point is that if this deed is executed forthwith and the money is paid, then I will just simply sign a decree or an order dismissing this suit with prejudice and without cost to either party.

"MR. JOYCE: That is, I want res judicata out of it.

"THE COURT: I will sign a decree with prejudice and without cost to either party just as soon as I am advised that you have straightened it up."

Thereafter plaintiff filed a motion for the entry of a decree in accordance with the stipulations of the parties made in open court. Accompanying this motion was an affidavit by Mr. Eckley, plaintiff's attorney, that the defendant failed and refused to execute a deed pursuant to stipulation, and that $50 had been paid over to the defendant's attorney in accordance with the stipulation; whereupon, on November 8, 1950, the court entered the following decree in accordance with the stipulation, the formal recitals being:

"The above entitled cause having come on regularly for trial before me, the undersigned Judge of

the above entitled Court, on Friday, November 3, 1950, plaintiff appearing in person and by his attorneys, Mood W. Eckley and James H. Ganoe, the defendant appearing in person and by her attorneys, Donald H. Joyce and Arthur C. Raven, whereupon testimony and evidence in behalf of the plaintiff was offered and received, and before conclusion of the trial the parties stipulated and agreed in open Court that the matters in dispute between the parties should be settled, * * * [stipulation follows]."

After the above decree was entered, defendant filed the following affidavit:

"  *   *   *   *   *

"I, Cornelia G. Juhlin, being first duly sworn, depose and say that I am the above named defendant.

"That my attorney of record at the time this case came on for trial in November, 1950, before the trial was completed, without consulting me, against my consent and against my expressed protest, entered into the stipulation herein for a decree awarding the real property that I had paid for to the plaintiff. I have been advised and state that I had good cause of defense; had the case been fully tried, as I demanded and desired, I would have offered other material and competent evidence to show that plaintiff refused to marry me after I was divorced from Joseph R. Pavel, and also that when he turned over the contract to purchase the residence, under contract, he knew that I was a married woman; that he wanted to live with me without being married, and that money he paid to me was voluntarily sent me, and that he wished to use my name for his own purpose, such I am informed as avoiding paying alimony to his former wife. I did not have a trial and demanded of my attorney that the case proceed but he took the matter in hand and entered into the stipulation mentioned without my consent and against my expressed protest."

Defendant's assignment of error follows:

"The appellant herein says there is manifest error on the face of the record now on appeal in this case:

"1. The making and entering of a decree based on stipulation of appellant's counsel against the objection and protest of the appellant.

"2. The making of any decree in favor of the Respondent.

"3. Refusal to dismiss Respondent's second cause of suit also."

██ There is nothing in the record, nor has anything been pointed out to us, suggesting that defendant ever protested at the trial to the stipulation entered into between the parties. The decree recites that the parties not only appeared in person but by their attorneys and entered into the stipulation in open court, and, as the decree imports verity, in the absence of an appropriate and timely showing to the contrary, it must stand. Defendant contends that, since she later refused to execute a deed, this is evidence that she never entered into any stipulation. Such argument is puerile as women have no more right than men to change their minds when legal obligations are involved. If defendant had any grievance against her counsel's actions at the trial unknown to the court, she had a right under § 1-1007, OCLA, to ask to be relieved from the judgment.

There is nothing in the appeal. Affirmed.